UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

ALICIA JOCHIM,

               Plaintiff,       CIVIL NO.: _____

v.

                                          **COMPLAINT**

VALENTINE & KEBARTAS, INC.,

                                          **JURY TRIAL DEMANDED**
              Defendant.
_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Alicia Jochim (hereinafter "Plaintiff"), is a natural person residing in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Valentine & Kebartas, Inc. (hereinafter "Defendant"), is a collection agency operating from an address of 15 Union Street, Lawrence, MA 01840 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. Sometime in 2007, upon information and belief, Plaintiff incurred a financial obligation to T-Mobile USA, Inc. that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Plaintiff was notified by Defendant that the debt had been referred to them for collection.

8. Subsequently, Plaintiff's debt was referred to a second collection agency, Pinnacle Financial Group, Inc.

9. Plaintiff resolved this debt in March of 2010.

10. On March 1, 2010, Plaintiff called Defendant to request that Defendant remove itself from Plaintiff's credit report. At that time, Plaintiff had no account with Defendant, Plaintiff's debt was transferred to Pinnacle Financial Group, Inc.

11. During this call, an individual who identified himself as the "senior negotiations manager" told Plaintiff that Defendant would not be removed from Plaintiff's credit report. The senior negotiations manager stated "just so

you know, nothing ever gets taken off your credit report even when you pay it, it just doesn't come off."

12. Plaintiff responded that that Plaintiff believed the statement of the senior negotiations manager to be incorrect.

13. The senior negotiations manager interrupted Plaintiff, told her not to be rude, and then hung up on Plaintiff.

14. On February 22, 2011, Pinnacle Financial Group, Inc. sent Plaintiff a letter stating that Plaintiff's debt had been paid and that her account with Pinnacle was closed. Defendant reference of the unpaid amount nonetheless remains on Plaintiff's credit report.

15. The conduct of Defendant is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(8).

## Respondeat Superior Liability

16. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

17. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

18. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

19. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

20. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

21. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## **TRIAL BY JURY**

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

25. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

26. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

27. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and

28. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  May 26, 2011

 s/ Mark L. Vavreck                                            .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com